## MATHEWS v. MEXICAN PETROLEUM CORPORATION OF LOUISIANA.

### No. 14820.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

W. J. & H. W. Waguespack, of New Orleans, for appellant.

Cobb & Jones, of New Orleans, for appellee.

JANVIER, Judge.

On August 4, 1932, plaintiff, while engaged at his work as an employee of defendant corporation, fell from a tank car to the ground about twelve or thirteen feet below and struck his forehead against a piece of iron pipe. He was at once placed under the care of defendant's physician; but, though he remained under treatment for some time, he was permitted to draw his regular wages from the time of the accident, August 4th, until September 15th, on which day he was discharged because of alleged violation of company rules with reference to the handling of gasoline.

He brings this action under the Workmen's Compensation Laws of Louisiana (Act No. 20 of 1914, as amended), alleging that he has been totally and permanently disabled, and praying for compensation in the sum of $20 per week for 400 weeks.

He further alleges that in addition to the amount claimed for disability he is entitled to a supplemental award of $20 per week for 100 weeks because of a serious facial disfigurement which he asserts he has sustained.

Defendant corporation admits that there was an accident, that plaintiff received injury, and that he was for a time disabled; but it contends that since, during the entire period of disability, it continued to pay plaintiff his regular wages, no compensation is due for that period. It further maintains that at the time of his discharge from its employ he had completely recovered from his injuries and had, in fact, several weeks before his discharge, returned to work and fulfilled the duties of his employment.

So far as is concerned the claim for disfigurement, the defense is that the scar which now remains upon plaintiff's forehead is of no consequence, is not repulsive, and will not to any extent interfere with the probability of securing future employment, nor embarrass him in his associations with his friends and acquaintances and with the public generally.

In the district court there was judgment dismissing the suit. Plaintiff has appealed.

The claim is made that when plaintiff's head hit the iron pipe his skull was fractured and that, as a result, a blood clot formed somewhere on the brain, and that this blood clot caused, and now causes, a partial loss of his sense of hearing and frequently brings about spells of vertigo, or dizziness, which render it impossible for him to undertake work of any reasonable character. On behalf of plaintiff we find the testimony of two physicians, each of whom felt that at the time of the trial plaintiff was still suffering to such an extent as to interfere with his performing his usual work.

On the other hand, three other medical experts state that there was no evidence whatever of any fracture of the skull and that they believe that there neither was nor is anything in plaintiff's condition to justify his contention as to the spells of dizziness.

One of these experts said that while there was a partial deafness noticeable, it was so slight as to be of no importance and that it could cause no interference with the kind of work plaintiff usually performed. He further declared that for various reasons he be-

lieved that this partial deafness did not result from the accident.

We often lament our inability to expertly compare the opinions given by opposing medical experts and to ourselves decide which contention, from a medical standpoint, is superior by authority of reason. In some cases there is a manifest preponderance of reasonableness on the one side or on the other, and in such cases our task is not a difficult one.

But where, as here, we find no apparent reason to accept one view rather than the other, we must apply two familiar principles: (1) That plaintiff must bear the burden of making his case certain by a clear preponderance of the evidence; and (2) that unless there is manifest error, the trial court should be affirmed on a question of fact. The application of both of these principles results in an affirmance of the judgment appealed from.

Certainly it cannot be said that plaintiff's evidence clearly preponderates; rather does the contrary seem to be true, for, whereas all three of defendant's doctors agree, the two who testified for plaintiff to some extent differ in their views, one stating that the slight deafness is of no consequence and that it is the dizziness that causes the disability, whereas the other is of the opinion that the deafness is serious and that the alleged dizziness is of no consequence.

Only questions of fact are involved, and that each of those questions was decided by the judge, a quo, adversely to plaintiff, is evident from a reading of the terse reasons given by him:

"The Statute, the Compensation Law, does not change, in my opinion, the eternal principle of law, that in civil cases the plaintiff must make his case certain by a preponderance of evidence.

"As to the loss of hearing, the plaintiff while on the stand appeared to me to hear as well as any witness I ever had on the stand and there is no evidence before me that his hearing is not the same to-day as it was two, three, four or five years ago.

"As to the dizziness, it is purely subjective and is purely on his own evidence, which is not satisfactory to me.

"As to the scar, unless my attention was called to it, I would not know the man had a scar. It is one that is not disfiguring or repulsive and the case not being made out to my satisfaction, I must give judgment in favor of the defendant. There will be judgment entered in favor of the defendant as prayed for."

If he and we are at fault, we may here again, as we have often done in the past, lay the blame upon the medical profession and confidently feel that if justice has failed neither the legal profession nor the judiciary should be criticized.

The judgment appealed from is affirmed.

Affirmed.